## Case No. 10,599.

### OSBORNE v. UNITED STATES.

[16 Int. Rev. Rec. 141; 4 Leg. Gaz. 343.]

Circuit Court, E. D. Pennsylvania. Oct. 19, 1872.[1]

INTERNAL REVENUE—DISTILLER'S BOND—APPROVAL THOUGH NOT IN ACCORDANCE WITH LAW.

By section 7 of the act of congress of July 20. 1868 [15 Stat. 127], imposing taxes on distilled spirits. etc.. it is required that every distiller shall execute a bond with sureties. By section 8 of said act. no bond shall be approved where there are liens against the lot or tract of ground upon which the distillery is situated. unless priority of liens is released. The decedent. the defendant below, became surety on a bond, there

[1] [Affirmed in 19 Wall. (86 U. S.) 577.]

being such liens in existence not released. The assessor. contrary to the said act of congress. approved the bond. Upon a default, suit was brought against the surety. and a verdict was obtained against him. Upon a plea and demurrer, the district court held: that notwithstanding the bond was approved contrary to the act of congress, the defendant was still liable upon it. After argument. the court affirmed the decision of the district court.

[Cited in U. S. v. Hosmer, Case No. 15.394.]

[Error to the district court of the United States for the Eastern district of Pennsylvania.

[This was an action by Ann Osborne, administratrix of Joseph Osborne, upon a distiller's bond.]

McKENNAN, Circuit Judge. The points in issue are set forth in the argument on behalf of Ann Osborne, administratrix of Joseph Osborne, plaintiff in error:

Argument: "By section 7 of 'An act imposing taxes on distilled spirits and tobacco, and for other purposes,' approved July 20. 1868 (15 Stat. 127), it is provided: 'That every distiller shall, on filing his notice of intention to continue or commence business with the assessor, before proceeding with such business, after the passage of this act. and on the 1st of May of each succeeding year, make and execute a bond in form prescribed by the commissioner of internal revenue, with at least two sureties, to be approved by the assessor of the district. The penal sum of said bond shall not be less than double the amount of tax on the spirits distilled in his distillery during a period of fifteen days, but in no case shall such bond be for a less sum than $5,000. The condition of the bond shall be, that the principal shall faithfully comply with all the provisions of law; . . . that he will not suffer the lot or tract of land on which the distillery stands or any part thereof, or any of the distilling apparatus, to be encumbered by mortgage, judgment, or other lien during the time in which he shall carry on said business.'

"By section 8 of the same act it is provided: 'That no bond of a distiller shall be approved unless he is the owner in fee, unencumbered by any mortgage, judgment, or other lien, of the lot or tract of land on which the distillery is situated. or unless he files with the assessor, in connection with his notice, the written consent of the . . judgment creditor or other person having a lien thereof, . . expressly stipulating that the lien of the United States for taxes and penalties shall have priority of such . . judgment or other encumbrance.'

"Under the foregoing sections, the commissioner of internal revenue prescribed the form of bond. and on August 3, 1868, by series 4, number 7, issued certain regulations and instructions. which. quoad hoc, are in these words: 'Every distiller . . before commencing . . must make and execute a bond in form 30 . . with at least

two sureties, to be approved by the assessor.

Under 8 no distiller's bond can be approved unless (the distiller) file in connection with his notice . . the written consent of the owner of . . any judgment creditor, or other person having a lien thereon, . . expressly stipulating that the lien of the United States for taxes and penalties shall have priority. . . This instrument must be duly acknowledged and executed with all the formalities required in the conveyances of real estate, and must be duly recorded before the same is filed with the assessor. As the question to the title to the real estate is material, the assessor should require of the distiller a properly certified statement or search of title . . be executed to him, and full evidence as to what if any liens or encumbrances exist thereon. . . No assessor will (section 17) approve the bond of any distiller until all the requirements of law and the regulations . . have been complied with.' 8 Int. Rev. Rec. 58.

"The section in the latter part of the regulations referred to is in haec verba: 'Section 17 (131). . . No assessor shall approve the bond of any distiller until all the requirements of the law and all regulations made by the commissioner of internal revenue in relation to distillers in pursuance hereof shall have been complied with.'

"With these in force, the decedent, on May 17, 1870, executed a distiller's bond as surety, there being, at that time liens thereon. Until these were removed or the stipulations contained in the act and referred to in the regulations of the commissioner of internal revenue given, it was believed by him that the bond could not be approved; and without an approval, his principal could not lawfully commence distillation. Notwithstanding these express prohibitions, the assessor allowed distillation, and the distiller became indebted to the United States, as appears by the verdict, $3,923.80—an amount easily collectible by distraint on and sale of the distillery if the priority of lien had been required by the assessor in accordance with law.

"On suit being brought for this, the defendant pleaded, inter alia, as follows (pages 10 and 11 of record): '(1) And the said defendant saith, that the said plaintiffs should be barred from prosecuting said claim; because she says, that pursuant to the act under which said writing obligatory was delivered, the same was to create no liability on the part of the said Joseph Osborne, unless the lot or tract of land on which the distillery was situate, was subject to the lien of the tax accruing for distilled spirits, prior to any other lien. And that the said defendant saith, at the delivery of said writing obligatory. there were liens against the distillery and the lot or tract of land whereon the same was erected, in the district court in and for the city and county of Philadelphia, as follows: "Charles E. Derby et al., S. 69, 178, M. L. D., $1,874.67; J. L. Waterman et al., D. 69, 142, M. L. D., $2,059.11; James Jones et al., D. 69, 2529 (judg.), $4,000.00." And the said defendant saith, that the said plaintiffs permitted the said Samuel McMullin, without the consent of the said defendant, to distil spirits in said distillery, without previously having the owners of said liens to stipulate that the lien of said plaintiffs for taxes and penalties should have priority thereto. And the said defendant saith that the said distillery, and lot or tract of ground upon which the same is erected, was sufficient to secure the indebtedness in said declaration set forth, if the same had priority to the liens aforesaid, but was otherwise insufficient. And this the defendant is ready to verify.' The plaintiffs admitted the truth of the plea by their demurrer, and this was sustained by a judgment in their favor.

"Under the foregoing it would seem to be clear that no liability could accrue on the bond until the distiller could lawfully distil; and it is equally clear that he could not commence distillation until the lien of the tax was prior. If the assessor allows otherwise, his illegal act could not create liability on behalf of decedent, but rather fix a liability on his own bond. This is a case of a bond directed by statute, and in that event alone it shall be approved. Its analogy is found in bonds not executed according to statute, on which no right of action accrues. Bradley v. Com., 31 Pa. St. 522. The want of priority on the bond in question is as material as the want of a second surety on the administration bond in the case cited."

After argument, decision of the district court affirmed.

[This judgment was affirmed by the supreme court, where it was carried on writ of error. 19 Wall. (86 U. S.) 577.]